[No. 6417. Decided November 14, 1906.]

## THE CITY OF BELLINGHAM, *Respondent*, v. RAY CISSNA, *Appellant.*[1]

MUNICIPAL CORPORATIONS — STREETS — AUTOMOBILES — REGULATION OF SPEED ORDINANCE—VALIDITY—STATUTES—CONSTRUCTION. Chapter 154, Laws 1905, p. 293, providing for a state license of automobiles, and declaring that cities shall have no power to require any such license or to exclude automobiles from the free use of the streets, does not prevent a city from limiting the speed of automobiles within its limits to six miles per hour, although laws 1905, § 10, provides that such speed shall not, in thickly settled or business portions of the city, exceed twelve miles per hour; in view of § 12 of said chapter, providing that no greater speed shall be attained than is reasonable and proper, having regard to the traffic, etc.

SAME—CLASS LEGISLATION. The proviso to § 12 of chapter 154, Laws 1905, to the effect that nothing in the chapter shall be construed to limit the power of cities to regulate automobiles which are offered to the public for hire, cannot be construed as showing an intention to limit the power to the regulating of the speed of automobiles kept for private use, as such construction would make the statute class legislation; but the proviso must be construed to relate to usual regulations of conveyances kept for public hire.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered June 26, 1906, after a trial and conviction of the violation of a municipal ordinance regulating the speed of automobiles. Affirmed.

*Hardin & Hurlbut*, for appellant. The legislature has sovereign control over all streets and highways. *State ex rel. Spokane etc. Tel. Co. v. Spokane*, 24 Wash. 53, 63 Pac. 1116; 2 Dillon, Municipal Corporations (3d ed.), §§ 656-680. The legislature could withdraw the power delegated to a city to control its streets and assume sovereign control and regulation thereof by general laws. *Seymour v. Tacoma*, 6 Wash. 138, 32 Pac. 1077; *State ex rel. Seattle v. Carson*, 6 Wash. 250, 33

[1]Reported in 87 Pac. 481.

Pac. 428; *Smith v. Seattle,* 25 Wash. 300, 65 Pac. 612. The legislature may at any time resume and exercise any power which it delegates. McQuillan, Municipal Ordinances, § 43; 1 Dillon, Municipal Corporations (3d ed.), § 324; *New England Tel. etc. Co. v. Boston Terminal Co.,* 182 Mass. 397, 65 N. E. 835. The power to regulate the use of the streets as to automobiles, except those kept for hire, was withdrawn by chapter 154, Laws 1905, p. 293. The police court was without jurisdiction. *Seattle v. Clark,* 28 Wash. 717, 69 Pac. 407; *State v. Carbon Hill Coal Co.,* 4 Wash. 422, 30 Pac. 728; *Mansfield v. First National Bank,* 5 Wash. 665, 32 Pac. 789, 999. The ordinance contravenes the policy of the state, and if the city had any power in the premises, its exercise of the same could not conflict with the paramount authority. *Duryee v. Mayor of New York,* 96 N. Y. 477; *Mulcahy v. Newark,* 57 N. J. L. 513, 31 Atl. 226; *People v. Furman,* 85 Mich. 110, 48 N. W. 169; *Mayor etc. of New York v. Nichols,* 4 Hill 209; Dillon, Municipal Corporations (4th ed.), §§ 239, 330, 368; Tiedeman, Municipal Corporations, §§ 2-8-32; *Canton v. Nist,* 9 Ohio St. 439; *Marietta v. Fearing,* 4 Ohio 390; *Thompson v. Mount Vernon,* 11 Ohio St. 688; *Collins v. Hatch,* 18 Ohio 523; *Adams v. Albany,* 29 Ga. 56; *Sill v. Corning,* 15 N. Y. 297; *Wood v. Brooklyn,* 14 Barb. 425; *Thomas v. Richmond,* 12 Wall. 349, 20 L. Ed. 453; *Katzenberger v. Lawo,* 90 Tenn. 235, 16 S. W. 611, 25 Am. St. 681, 13 L. R. A. 185; *Cameron v. Kenyon-Connell Commercial Co.,* 22 Mont. 312, 56 Pac. 358, 74 Am. St. 602, 44 L. R. A. 508; *Grant v. De Lamori* (Cal.), 14 Pac. 314; *In Re Ah You,* 88 Cal. 99, 25 Pac. 974, 22 Am. St. 280, 11 L. R. A. 408; *Ex Parte Solomon,* 91 Cal. 440, 27 Pac. 757; *Kehr v. Commonwealth* (Ky.), 83 S. W. 633; *Thrower v. Atlanta,* 124 Ga. 1, 52 S. E. 76, 110 Am. St. 147, 1 L. R. A. (N. S.) 382 and note; *Grand Rapids etc. Power Co. v. Grand Rapids etc. Gas Co.,* 33 Fed. 659; *Petersburg v. Metzker,* 21 Ill. 205; *State v. Langston,* 88 N. C. 692.

*Henry C. Beach,* for respondent.

CROW, J.—In August, 1904, the city of Bellingham en-
acted ordinance No. 50, § 2 of which made it unlawful for
any person to ride or drive an automobile on its public
streets at a greater rate of speed than six miles per hour.
On May 5, 1906, a complaint was filed before H. B. Williams,
police judge of Bellingham, charging that the defendant,
Ray Cissna, did, on May 4, 1906, ride and drive an automo-
bile on Holly street, in the city of Bellingham, at a greater
rate of speed than six miles per hour.  On trial before the
police judge, and also on a second trial after appeal in the
superior court, the defendant was convicted and fined. From
the final judgment of the superior court, this appeal has
been taken.   ·

Upon being arraigned, the appellant demurred to the com-
plaint on the grounds, (1) that the court had no jurisdic-
tion of the person of the appellant or the subject-matter of
the action; (2) that the respondent had no legal capacity
to bring this action; and (3) that the complaint did not state
facts sufficient to constitute a misdemeanor, offense or cause
of action.  This demurrer, which was overruled by the police
judge, was afterwards urged in the superior court and again
overruled.  Appellant assigns error on the order overruling
the demurrer, and contends that it questions the validity of
said § 2, of ordinance No. 50, which regulates speed in the
driving of automobiles.  He contends that the delegated
power under which the city ordinance was originally passed
has, in so far as automobiles kept for private use are con-
cerned, been withdrawn by chapter 154, page 293, Laws of
1905, which act he insists declares the policy of the state in
the matter of the regulation of such vehicles.  The appellant
further contends that § 12 of the act of 1905 deprives the
city of any power to pass or enforce an ordinance requiring
the owner of an automobile to obtain a license to use the
streets; or excluding from such use of the streets any auto-
mobile whose owner has complied with the provisions of said

act. There is no contention but that appellant was the owner of the automobile in question; that he kept it for his private use; that he held a certificate from the secretary of state under the act of 1905; and that he rode or drove his automobile over Holly street at a greater rate of speed than six miles per hour. If § 2 of ordinance No. 50 is valid then the appellant was rightfully convicted. Otherwise he should be discharged

Chapter 154, Laws of 1905, requires the owner of an automobile to file a description thereof with the secretary of state and obtain a numbered certificate for which he pays a certain fee. By § 10 it is provided that no driver or operator in charge of any automobile shall permit the same to be driven or operated within the thickly settled or business portion of any city or village at a greater speed than one mile in five minutes, nor over any crossing or crosswalk within the limits of any city at a rate faster than one mile in fifteen minutes, when any person is upon the same. By § 12 it is provided that:

"Cities, towns and counties shall have no power to pass, enforce or maintain any ordinance rule or regulation requiring of any owner or operator of any automobile or motor vehicle, any license or permit to use the public roads, highways, park or parkways, streets or avenues, or excluding or prohibiting any automobile or motor vehicle whose owner has complied with sections 2, 4 and 5 of this act from the free use of such public road, highway, park or parkway, street or avenue, and all such ordinances, rules and regulations now in force are hereby declared to be of no validity or effect: *Provided,* That nothing in this act shall be construed as limiting the power of local authorities to make, enforce and maintain ordinances, rules or regulations, in addition to the provisions of this act, affecting automobiles or motor vehicles which are offered to the public for hire."

The contention of the appellant is, that as § 12 secures the free use of the public roads, highways, parks, streets, etc., to the owners of automobiles, the city council is there-

fore prohibited from enacting any speed ordinance such as the one here involved. We do not interpret this language as it seems to be understood by the appellant. We understand the word "free" to be used for the purpose of prohibiting a city from collecting any additional license or fee from owners of automobiles kept for private use, or making the payment of the same a condition precedent to the use of its streets. We understand that payment of the certificate fee to the secretary of state entitles the owner of an automobile kept for private use to the free use of all streets and highways within the state, whether within or without. the corporate limits of any municipality. Although § 10 limits the speed of automobiles to one mile in five minutes within the thickly settled or business portion of any city, § 11 provides that:

"No person driving or in charge of any automobile, or motor vehicle on any highway, townway, public street, avenue, driveway park or parkway, shall drive the same at any speed greater than is reasonable and proper, having regard to the traffic and use of the way by others, or so as to en-. danger the life or limb of any person; and racing such vehicle on any such way or parks is hereby forbidden."

This section was undoubtedly included in the act for the purpose of requiring drivers of automobiles to reduce their speed when necessary to even less than twelve miles per hour, and, in its enactment, the legislature undoubtedly had in contemplation the safety of the general public upon streets and highways, which are more or less crowded according to the frequency of their use and the density of population.

By Bal. Code, § 739 (P. C. § 3732), power has been granted to the city of Bellingham to regulate and control the use of its streets, and that power still exists to its full extent as then granted, unless it has been limited by the act of 1905. As § 11 seems to contemplate that it may, at times, become necessary to require a less rate of speed than twelve miles

26—44 WASH.

an hour, we fail to understand why the council of the city of Bellingham is not still entitled, under § 739, *supra*, to pass and enforce an ordinance for the reasonable regulation of such speed, even though fixed at less than twelve miles per hour..

We think the evident purpose of the act of 1905 was to provide a uniform system for the regulation of automobiles, and a single certificate or license fee within the state. Otherwise the owner of an automobile kept for private use might be required. to pay a license fee in every city of the state through which he might travel when using such vehicle. We do not understand that the words "free use of such public road," etc., as employed in § 12, conferred upon the owner of an automobile an absolute right to travel the streets of any city at such rate of speed as he might desire, provided he did not exceed twelve miles per hour, or that, by reason of such enactment, the municipal authorities could not by ordinance prevent him from so doing.

It might, upon a casual examination of the act of 1905, appear from the proviso contained in § 12, that the state has reserved to itself the exclusive right to regulate the speed of all automobiles kept for private use only, while permitting local authorities to regulate the speed of those which are offered to the public for hire, but the direct result of such an interpretation would be to hold that although one citizen, driving an automobile kept for private use only, would not be subject to municipal control in the matter of speed; yet another citizen would be subject to such control if he happened to drive an automobile which was offered to the public for hire. An ordinance regulating speed in the one instance, and not in the other, would be class legislation and invalid, and a statute authorizing such class legislation would also be void. It is our duty to construe the statute in such a manner as to sustain its validity if we can possibly do so.

Our view is that the proviso does not contemplate ordinances, rules, or regulations pertaining to the speed of auto-

mobiles which are offered to the public for hire. Such automobiles are in many respects similar in their uses and purposes to other vehicles kept for hire. The legislature evidently intended that they might be subjected to like rules and regulations by the local authorities, in so far as the same might be practical. It is customary for municipalities to regulate the rates of fare charged by the owners of cabs, carriages or other vehicles offered to the public for hire; and to designate the stands or locations which they may occupy upon the public streets. We think regulations such as these, and others that might be mentioned, are contemplated by the proviso contained in § 12.

The ordinance in question was not annulled by the act of 1905. The statute merely prohibits the enactment of any ordinance requiring any license or permit to use the public streets. The ordinance in question does not provide for any such license or permit, nor does it exclude the appellant from the free use of the streets of the city of Bellingham. This being true, we are unable to understand how it comes into conflict with the act upon which the appellant relies. If it had been the intention of the legislature to provide that no municipal ordinance regulating speed of automobiles should be permitted, it could have so stated. Having failed to do this, we think the construction for which appellant contends cannot be sustained.

The judgment is affirmed.

MOUNT, C. J., DUNBAR, HADLEY, FULLERTON, RUDKIN, and ROOT, JJ., concur.