THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* NOCHERA,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Violation of Municipal Ordinances.

No. 910.—Decided March 14, 1916.

COMPLAINT—KNOWLEDGE OF FACTS—COMPLAINING WITNESS.—Section 22 of the Code of Criminal Procedure, as amended in the year 1903, does not require

that the person who makes a complaint shall state therein how he came by his knowledge of the facts, nor does the statute contain any provision that such allegation is required of the complaining witness, or the authority or officer who makes the complaint.

Id. — Knowledge of Facts — Complaining Witness — Arrest. — Prior to the amendment of section 22 of the Code of Criminal Procedure, a complaint could be made only by the injured person, and the amendment of 1903 had no other purpose than to permit a complaint to be made by other persons, such as the authority or officer having knowledge of the fact or who had arrested the offender.

Municipal Ordinances—Municipal Courts—Justice of the Peace Courts— District Courts—Judicial Notice.—In proceedings to enforce compliance with a municipal ordinance in a municipal or justice of the peace court, the court will take judicial notice of the ordinance because it is the law of that forum, and when these cases come before the district courts on appeal, as the latter courts substitute the former, they are subject to the same rule and take judicial notice of municipal ordinances.

Id.—Urban Zone—Automobiles—Speed of Automobiles in Urban Zone.—Section 1 of the Municipal Ordinance of Mayagüez, approved May 11, 1911, is not in conflict with section 36 of Act No. 41 of March 10, 1910, which provides that while within the urban zone of a municipality automobiles shall not travel faster than sixteen kilometers an hour, for the said section does not prevent the municipality from prescribing another less rate of speed. The rule prescribed by the said ordinance that no automobile shall turn the corners of streets at a higher rate of speed than the ordinary gait of a pedestrian is reasonable, for the normal gait of pedestrians is very much the same and is an easy means of comparison with other rates of speed.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

A complaint was filed against Pedro Nochera in the Justice of the Peace Court of Mayagüez charging that while driving an automobile through the streets of that city he turned the corner of McKinley Street at a speed greater than the ordinary pace of a pedestrian, thereby violating section 1 of the ordinance of March 11, 1911. The complaint was sworn to and signed by Enrique Rodríguez, a member of the Insular police force.

The case coming before the District Court of Mayagüez on appeal, it rendered a judgment of conviction from which the defendant took the present appeal.

The accused moved the lower court to quash the complaint

on the ground that it did not state facts sufficient to put him on trial and now insists that the lower court erred in overruling the said motion because, according to section 22 of the Code of Criminal Procedure, as amended in the year 1903, in order that a complaint may be sufficient it must allege that the complaining witness knows the facts of his own knowledge or upon information which he believes to be true or because he arrested the offender.

Said section 22, as amended, reads as follows:

"All cases within the jurisdiction of the justices of the peace must begin by sworn complaint of the complaining witness, or of the authority or officer having knowledge of the deed, or by whom the arrest of the offending party was made."

This section does not sustain the contention of the appellant because it does not require that the person who makes a complaint shall state therein how he came by his knowledge of the facts, nor does the statute contain any provision that such allegation is required of the complaining witness, or authority, or officer who makes the complaint. Before the said section was amended a complaint could be made only by the injured person and the amendment had no other purpose than to permit a complaint to be made by other persons such as the authority or officer having knowledge of the act or who had arrested the accused.

The appellant also contends that the evidence is insufficient to support a conviction, because it cannot be gathered therefrom at what speed the automobile he was driving turned the corner of McKinley Street and because the prosecution failed to offer in evidence the ordinance said to have been violated.

We have reviewed the evidence and inasmuch as one of the witnesses testified that the automobile was traveling much faster than a man or a galloping horse and that the accused did not reduce speed when he turned the corner, and another witness testified that the automobile turned the corner at

great speed, at least ten kilometers an hour, which is faster than a man can walk, and that he based this assertion on the fact that the automobile turned the corner rapidly and was immediately some distance away, which is not the case when one person passes another, we must arrive at the conclusion that the evidence was sufficient to justify the finding of the court that when the defendant turned the corner of the street he was driving the car faster than a person could walk, since the reason which served the witnesses as grounds for comparison were sufficient to justify their statements.

As regards the failure to produce in evidence the ordinance claimed to have been violated, we held in the case of *The People* v. *Suárez, ante* page 226, that in proceedings to enforce compliance with a municipal ordinance in a municipal court (and we now add a justice of the peace court), the court will take judicial notice of the ordinance because it is the law of that forum. Therefore, when these cases come before the district courts on appeal it has been generally held that as the latter courts substitute the former courts they are subject to the same rule and take judicial notice of municipal ordinances. Jones on Evidence, (2d ed.), p. 127; 16 Cyc. 899, notes 44 and 45.

The last error assigned by the appellant is that the ordinance of whose violation he has been convicted is void because it does not establish an exact rate of speed at which an automobile may turn a corner and because it is in conflict with an act of the Legislature.

We are of the opinion that the rule prescribed by the ordinance that no automobile shall in any case turn the corners of streets at a higher speed than the ordinary pace of a pedestrian, is reasonable, for the normal gait of pedestrians is very much the same and is an easy means of comparison with other rates of speed.

Finally, we do not find that the section of the ordinance under consideration is in contradiction with section 36 of

Act No. 41 of March 10, 1910. The act provides that while within the urban zone of a municipality automobiles shall not travel at a pace faster than sixteen kilometers an hour. The only effect of this section is to fix a maximum speed at which automobiles may travel in the urban zone, and an ordinance permitting them to travel at a greater speed than this within the urban zone would be illegal; but it does not prevent the municipality from prescribing another less rate of speed. In the case of *Bellingham* v. *Cissna,* 87 Pac. 481 (Wash. 1906), it was held that a statute fixing a certain rate of speed for automobiles within the urban zone did not prevent the municipality from passing an ordinance fixing a lower rate. See also the case of *Christensen* v. *Tate,* 128 N. W. 622, (Neb. 1910).

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.