PEOPLE, PLAINTIFF AND APPELLEE, *v.* COTO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Municipal Ordinances.

No. 1057.—Decided July 20, 1916.

MUNCIPAL ORDINANCE—MUNICIPALITIES.—A municipality cannot prohibit what is authorized nor authorize what is prohibited by the legislature; but, following the line of conduct drawn by the legislature, it may forbid the commission of acts of the same character as those prohibited by it.

ID.—CARRYING ARMS—POLICE REGULATIONS—PUBLIC ORDER.—The ordinance of the municipality of Caguas prohibiting the carrying of razors and cigarmakers' knives, approved March 16, 1915, does not conflict with the Act of the Legislative Assembly of Porto Rico of March 9, 1905, but is simply an addition within the fundamental idea which inspired the act, intended to meet local requirements, by virtue of the powers conferred on the municipality by the said Legislative Assembly in section 25 of the Municipal Act of 1906 for the adoption of police regulations in relation to public order.

ID.—CARRYING ARMS—CLASS PRIVILEGE.—The fact that the ordinance of the municipality of Caguas provides that the prohibition shall not apply to barbers and cigarmakers who carry the said arms during working hours,

is not a distinction constituting a class privilege; for the object of the ordinance is to prohibit the carrying of arms for purposes of offense or defense and not to prevent barbers or cigarmakers from carrying their razors and knives, the tools of their trade, during working hours.

The facts are stated in the opinion.

*Mr. Antonio L. López* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal involving the validity or nullity of a certain municipal ordinance.

The defendant was charged with carrying a razor about his person for offensive or defensive purposes in violation of a municipal ordinance of Caguas.

The defendant pleaded that the act charged did not constitute an offense, because the ordinance prohibiting the same was null and void in that it conflicted with an Act of the Legislative Assembly of Porto Rico.

The Act to which the defendant refers is that of March 9, 1905, prohibiting the carrying of certain weapons, and it is true that a razor such as is mentioned in the complaint, is not included among them. The carrying of such a razor is prohibited only by the municipal ordinance.

Is this a conflict or merely an addition within the fundamental idea which inspired the act, intended to meet local requirements?

The Legislative Assembly reached the conclusion that the welfare of The People of Porto Rico required that the carrying of certain weapons be prohibited, and it so provided by the said Act. The municipality of Caguas also arrived at the conclusion that the welfare of the locality demanded that the carrying of other weapons be prohibited, and it so provided by the ordinance in question, making use of the powers granted it by the said Legislature in section 25 of the Municipalities Act of 1906, which authorized the municipalities to adopt police regulations referring to public order. The conditions of life, the nature of business and the class

of industries are not the same in all the municipalities which compose the territory of Porto Rico, hence the reason for conferring upon the local governments certain powers for adopting ordinances regulating public order according to the requirements of each town or city.

Of course, in no circumstances can a municipality prohibit what the Legislature expressly authorizes, or authorize what the Legislature prohibits; but, following the line of conduct marked out by the Legislature, it may forbid, as in the present case, the commission of acts of the same character as those prohibited by the Legislature. The court expressed its opinion to this effect in deciding a certain question raised by reason of a municipal ordinance passed for the purpose of regulating the speed of automobiles. We refer to the case of the *People* v. *Nochera,* 23 P. R. R. 561, in which we laid down the following doctrine:

"Finally, we do not find that the section of the ordinance under consideration is in contradiction with section 36 of Act No. 41 of March 10, 1910. The act provides that while within the urban zone of a municipality automobiles shall not travel at a pace faster than sixteen kilometers an hour. The only effect of this section is to fix a maximum speed at which automobiles may travel in the urban zone, and an ordinance permitting them to travel at a greater speed than this within the urban zone would be illegal; but it does not prevent the municipality from prescribing another less rate of speed. In the case of *Bellingham* v. *Cissna,* 87 Pac. 481 (Wash. 1906), it was held that a statute fixing a certain rate of speed for automobiles within the urban zone did not prevent the municipality from passing an ordinance fixing a lower rate. See also the case of *Christensen* v. *Tate,* 128 N. W. 622 (Neb. 1910)."

The defendant also attacks the validity of the ordinance on the ground that it grants privileges to particular classes. The ordinance in fact prescribes that the prohibition provided for shall not apply to persons engaged in business as barbers, cigarmakers, etc., when they carry the said weapons during working hours.

.. A perusal of the foregoing is sufficient to show that it is not a distinction constituting class privilege. The object of the ordinance is to forbid the carrying of weapons for purposes of offense or defense and not to prevent barbers or cigarmakers from carrying with them their razors and knives, the implements of their trade, during working hours. "The fact that a statute exempts certain classes from its operation," said this court in the case of *The People* v. *García & García,* 22 P. R. R. 759, "does not make it unconstitutional where it clearly appears that the exemptions were those where the particular occupation would suffer immediate losses or where the excluded classes were works of necessity."

The defendant raises other questions which we have considered and which in our opinion are unimportant. Therefore the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.