El Pueblo, Demandante y Apelado, *v.* Coto, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en causa por infracción a las ordenanzas municipales.

No. 1057.—Resuelto en julio 20, 1916.

Infracción de Ordenanzas Municipales—Municipios—Facultades de los Municipios.—Un municipio no puede prohibir lo que autoriza la legislatura, ni autorizar lo que la legislatura prohibe, pero sí puede siguiendo la línea de conducta trazada por el legislador, prohibir la realización de actos de la misma naturaleza de los prohibidos por él.

Id.—Ordenanzas Municipales—Portar Armas—Navajas Barberas—Chavetas de Tabaqueros—Reglamentos de Policía Referentes al Orden Público.—La ordenanza del municipio de Caguas para prohibir portar navajas barberas y chavetas de tabaqueros, aprobada en 16 de marzo de 1915, no está en contradicción con la ley de la Asamblea Legislativa de Puerto Rico de 9 de marzo de 1905, sino que es simplemente una adición, dentro de la idea fundamental inspiradora de la ley, hecha a virtud de requerimientos de índole local, usando el municipio de las facultades que le confiriera la misma legislatura en la sección 25 de la ley municipal de 1906 para adoptar reglamentos de policía referentes al orden público.

Id.—Portar Armas—Privilegios de Clases—Ofensa o Defensa.—El que la ordenanza del municipio de Caguas prescriba que la prohibición que acuerda no será aplicable a las personas que se dedican a los oficios de barbero y tabaquero cuando portan las armas especificadas en las horas hábiles, no es una distinción constitutiva de un privilegio de clases, pues la idea de la ordenanza es prohibir que se porten armas con fines de ofensa o defensa y no la

de impedir que los tabaqueros y barberos lleven consigo sus chavetas y nava-
jas, instrumentos de su oficio, en las horas de labor.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio L. López.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación en el que está envuelta la validez o nulidad de cierta ordenanza municipal.

Se imputó al acusado el hecho de portar sobre su persona, con fines de ofensa o defensa, una navaja barbera, en contravención a lo dispuesto en una ordenanza del municipio de Caguas.

El acusado alegó que el hecho que se le imputaba no era constitutivo de delito, porque la ordenanza que lo prohibía era nula por estar en contradicción con una ley de la Asamblea Legislativa de Puerto Rico.

La ley a que se refiere el acusado es la de 9 de marzo de 1905 decretada para prohibir portar determinadas armas, y ciertamente entre las armas que se especifican en ella no se encuentran las navajas barberas a que se refiere la denuncia. El portar tales navajas está prohibido solamente en la ordenanza municipal.

¿Es ésa una contradicción, o simplemente una adición dentro de la idea fundamental inspiradora de la ley, hecha a virtud de requerimiento de índole local?

La Asamblea Legislativa llegó a la conclusión de que el bien del Pueblo de Puerto Rico exigía la prohibición de portar determinadas armas y en efecto así lo acordó por la ley que hemos citado. El municipio de Caguas llegó también a la conclusión de que el bien de la localidad exigía la prohibición de otras armas y las prohibió por medio de la ordenanza de que se trata, usando de las facultades que le confiriera la misma legislatura en la sección 25 de la Ley Municipal de 1906, al autorizarlo para adoptar reglamentos de policía referentes al orden público. Las condiciones de

vida, la índole de los negocios, la clase de industrias no son las mismas en todas las municipalidades que integran el territorio de Puerto Rico. De ahí el motivo de conferir ciertos poderes a los gobiernos locales para prescribir medidas de orden público de acuerdo con las necesidades de cada pueblo o ciudad.

Desde luego que no podría en modo alguno prohibir un municipio lo que expresamente autoriza la legislatura, ni autorizar lo que la legislatura prohiba, pero sí puede, como en este caso, siguiendo la línea de conducta trazada por el legislador, prohibir la realización de actos de la misma naturaleza de los prohibidos por él. Ya esta Corte Suprema expresó su criterio en ese sentido al resolver cierta cuestión suscitada con motivo de una ordenanza municipal dictada para regular la velocidad de los automóviles. Nos referimos al caso de *El Pueblo* v. *Nochera,* en el cual se estableció la siguiente doctrina:

"Finalmente no encontramos que la sección de la ordenanza que nos ocupa sea contradictoria con la sección 36 de la ley No. 41 de 10 de marzo de 1910, página 131. Lo que en ésta se dispone es que los automóviles no deberán marchar a una velocidad mayor de diez y seis kilómetros por hora mientras estuvieren dentro de la zona urbana de un municipio. Esta sección de la ley lo único que hace es fijar un máximum para la velocidad de los automóviles en la zona urbana, y no sería legal una ordenanza permitiendo que en la zona urbana se caminase a mayor velocidad que la mencionada, pero no impide que pueda el municipio dentro de ese máximum fijar otro menor. En el caso de *Bellingham* v. *Cissna,* 87 Pac. 481, (Wash. 1906), se declaró que una ley que fijaba cierta velocidad a los automóviles dentro de la zona urbana no impide que el municipio establezca otra menor. Véase también el caso de *Christensen* v. *Tate,* 128 N. W. 622 (Neb. 1910)." *El Pueblo* v. *Nochera,* 23 D. P. R. 605.

Ataca además el acusado la validez de la ordenanza porque, según él, concede privilegios a determinadas clases. La ordenanza en efecto prescribe que la prohibición que acuerda no será aplicable a las personas que se dediquen a los oficios

de barbero, tabaquero, etc., cuando porten las armas especificadas en las horas hábiles.

Basta leer lo que dejamos consignado, para concluir que no es ésa una distinción constitutiva de un privilegio de clases. La idea de la ordenanza es prohibir que se porten armas con fines de ofensa o defensa, no la de impedir que los tabaqueros y barberos lleven consigo sus chavetas y navajas—instrumentos de su oficio—en las horas de labor. ''El hecho de que un estatuto exima a ciertas clases de su aplicación,'' ha dicho esta corte en el caso de *El Pueblo* v. *García & García,* 22 D. P. R. 817, 818, ''no lo hace inconstitucional cuando claramente aparece que las exenciones eran aquellas en que la ocupación particular sufriría pérdidas inmediatas o cuando las clases excluídas eran trabajos de necesidad.''

El acusado suscita otras cuestiones que hemos estudiado y que carecen de importancia a nuestro juicio. En tal. virtud, procede la confirmación de la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.