REGINO CABASSA, demandante y apelado, *v.* LUIS RAMÓN RIVERA, demandado y apelante.

Núm. 9617.—*Sometido:* Febrero 3, 1948. *Resuelto:* Abril 29, 1948.

*José Sabater,* abogado del apelante; *A. Ramírez Silva,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En 16 de agosto de 1947 la corte de Distrito de Mayagüez declaró con lugar la solicitud de injunction preliminar *pendente lite* radicada por el demandante y ordenó al demandado Luis Ramón Rivera, a sus subalternos, mandatarios, agentes, empleados y personas que actúen a nombre de éste y que le representen, que se abstengan de seguir la construcción, modificación y acondicionamiento del local propiedad del demandado que se menciona en la solicitud, con el fin de instalar en él una bomba para el expendio de gasolina. No conforme, el demandado apeló para ante este tribunal.

Aparece de los autos que Regino Cabassa presentó ante la referida corte una petición de injunction en que alega que desde 1927 se ha dedicado ininterrumpidamente a la compraventa de gasolina para vehículos de motor, teniendo establecida durante todo ese tiempo una bomba para la venta de gasolina al público en general; que en 13 de marzo de 1946 la Asamblea Municipal de Mayagüez aprobó por unanimidad una ordenanza "para reglamentar la instalación de bombas y puestos de gasolina, dentro de la zona urbana de Mayagüez; para establecer penalidades por su infracción y para otros fines;" que el demandado acudió a la Junta Administrativa del Municipio de Mayagüez solicitando permiso para instalar, reconstruir y operar una bomba de gasolina en un local de su propiedad, situado en el número 42 de la calle Santiago R. Palmer de dicha ciudad, y que el 21 de noviembre del mismo año la referida Junta concedió a éste el permiso solicitado; que enterado el peticionario de la concesión de dicho permiso, éste compareció ante la Junta con un escrito de oposición, solicitando se reconsiderara la resolución concediendo el per-

miso mencionado y que en definitiva se declarara sin lugar la petición del demandado; que mientras estaba pendiente de celebración de vista la oposición del peticionario, el demandado acudió ante el Servicio Insular de Bomberos de Puerto Rico y logró de éste que en 31 de enero de 1947 se le extendiera un permiso provisional para la reinstalación de un tanque y bomba para el expendio de gasolina en el local anteriormente mencionado; que en 14 de febrero siguiente se celebró la vista de la oposición del peticionario y como resultado de ella la Junta Administrativa de Mayagüez revocó el permiso concedido al demandado; que mientras esto ocurría el Servicio Insular de Bomberos de Puerto Rico revocó el permiso concedídole al demandado y en su lugar extendió a éste un nuevo permiso provisional para construir un puesto de gasolina en el indicado local; que no obstante haberle revocado la Junta Administrativa del Municipio de Mayagüez el permiso concedídole, el demandado, con el propósito deliberado de ignorar las disposiciones de la referida ordenanza y constituyendo ilegalmente un estorbo público (*public nuisance*) en 4 de julio de 1947 dió principio a los trabajos correspondientes para la instalación de un tanque y una bomba para el expendio y almacenaje de gasolina en el local ya referido; que la bomba así instalada por el demandado queda a 53.5 metros de distancia de la del peticionario, a 118.5 metros de otra bomba que existe en la calle Post de Mayagüez; a 110 metros del Teatro Yagüez, a 100 metros de la escuela pública Muñoz Rivera, a 110 metros de la casa Alcaldía del Municipio de Mayagüez y a 120 metros de la Logia Adelphia de Mayagüez; que la construcción e instalación de la referida bomba de gasolina por el demandado constituye un estorbo público porque pone en peligro la vida y la seguridad de las personas que residen cercanas a dicho sitio; y que el demandado está violando las disposiciones de la aludida ordenanza, e intentando establecer una competencia ilegal contra el negocio del peticionario, quien tiene ya derecho adquirido y a

quien la operación de la bomba para el expendio de gasolina del demandado le ocasionaría daños irreparables.

Alegó el demandado por su parte que la petición no aduce hechos suficientes para constituir una causa de acción (*a*) porque la misma está basada en una ordenanza inválida y (*b*) porque las ordenanzas municipales derivan su validez, bien porque el municipio tenga el poder inherente para aprobarlas; porque de su constitución derive el poder de promulgarlas o porque la Asamblea Legislativa de Puerto Rico le haya conferido la facultad expresa para ello. Sostuvo además que la ordenanza del Municipio de Mayagüez está en pugna con la Ley número 158 de 1942 según fué enmendada por la número 38 de mayo 4 de 1944 (pág. 77) creando el Servicio Insular de Bomberos; que el poder de expedir licencias no es inherente en un municipio; que en la ordenanza municipal que sirve de base a la acción ejercitada no se da poder a la Junta Administrativa para revocar una licencia ya concedida; que la ordenanza en cuestión es productiva de discriminación entre las personas que en la ciudad de Mayagüez se dedican al expendio de gasolina y que dicha ordenanza tiene el propósito de crear monopolios o privilegios para unos vendedores en contra de otros.

Las cuestiones de derecho suscitadas por el demandado fueron discutidas ampliamente y la corte inferior, como ya hemos indicado, declaró con lugar la solicitud de injunction preliminar. El demandado ha apelado de la resolución dictada, y en apoyo de su recurso sostiene que la corte de distrito erró (1) al resolver que la Ordenanza Municipal en cuestión es válida y que la Asamblea Municipal de Mayagüez tiene poder para aprobarla a virtud de la Ley Municipal; (2) al resolver que la ordenanza Municipal no está en pugna con la Ley de la Asamblea Legislativa creando el Servicio Insular de Bomberos y que al contrario ambas disposiciones legislativas se pueden armonizar y cumplir; y (3) al resolver en contra de lo alegado por el demandado, que la Ordenanza

en cuestión no es productiva de discriminación entre las personas que en Mayagüez se dedican al expendio de gasolina ni crea monopolios ni privilegios.

■■ Es incuestionable que a tenor de lo provisto por el artículo 7 de la ley número 53 de 28 de abril de 1928 (pág. 335) según fué enmendado por la Ley número 294 de 10 de abril de 1946 (pág. 757),(¹) la Asamblea Municipal de Mayagüez tenía plenos poderes para aprobar una ordenanza para reglamentar la instalación o reconstrucción de puestos de gasolina, dentro de su jurisdicción. Por otra parte, la reglamentación de bombas de gasolina cae claramente dentro del poder de policía (*police power*) de un Municipio. *Orme* v. *Atlas Gas & Oil Co.,* 217 Minn. 27, 13 N.W.2d 757, 762; *Shuford et al.* v. *Town of Waynesville et at.,* 214 N.C. 135, 198 S.E. 585 y *State* v. *Peterson,* 239 Wis. 599, 2 N.W.2d 253.

■ Al discutir el primer error señalado sostiene asimismo el apelante que el título de la ordenanza es incongruente con su texto. Dicho título lee así: "Ordenanza para reglamentar la instalación de bombas y puestos de gasolina, dentro de la zona urbana de Mayagüez; para establecer penalidades por su infracción; y para otros fines." El contexto de la ordenanza nos convence de que la misma está enteramente en armonía con su título. Desde luego, para reglamentar es necesario con frecuencia prohibir y el hecho de que se prohiba

(¹)"Artículo 7.—Los municipios tendrán plenas facultades legislativas y administrativas, en todo asunto que fuera de naturaleza municipal, y que se relacionen con los ramos de obras, instrucción, beneficencia, orden y seguridad pública, policía, cárceles, asilos, hospitales, higiene, ornato, alineación de calles, aperturas de parques, reglamentación de construcciones, propiedades, arbitrios y rentas municipales, vías públicas, suministro de agua, alumbrado público, alcantarillado, transportes urbanos, cementerios, mercados, mataderos, carnicerías y toda clase de instituciones, servicios y otras actividades de beneficio para la municipalidad en general y para el fomento de éstas; *Disponiéndose,* que estas facultades se ejercitarán con sujeción a las leyes de Puerto Rico y de los Estados Unidos y a las ordenanzas de la Comisión de Servicio Público que estuvieren en vigor, no pudiéndose adoptar ninguna ordenanza, resolución ni acuerdo incompatibles con dichas leyes; . . . . . "

la instalación, reconstrucción y operación de nuevas bombas sin un previo permiso no quiere decir que no se esté reglamentando.

En apoyo del indicado señalamiento insiste igualmente el apelante en que la ordenanza es irrazonable y no ha sido promulgada de buena fe. La resolución de la corte inferior fué dictada a base de las cuestiones de derecho planteadas, luego de sometérsele cierta prueba documental. El examen que hemos hecho de las alegaciones y de esa prueba no nos permite llegar a la conclusión de que la ordenanza adolece prima facie de los defectos alegados.

También sostiene el apelante que la Asamblea Municipal de Mayagüez ha delegado indebidamente en la Junta Administrativa el cumplimiento de la ordenanza en cuestión y que esa Junta no puede revocar una licencia después de expedida. El artículo 28 de la Ley número 53 de 1928, "Estableciendo un sistema de gobierno local para los municipios de Puerto Rico", según fué enmendado por la número 253 de 1 de abril de 1946, pág. 505, crea una Junta Administrativa para todos los municipios y determina las facultades que ésta tendrá. Sin embargo, nada hay que impida que en el ejercicio de su poder de policía el municipio delegue facultades en dicha Junta Administrativa o en sus principales funcionarios. Véase McQuillin, *Municipal Corporations,* Vol. 1, Segunda Edición, Revisada, sección 399, pág. 1113. La Junta Administrativa podía, desde luego, revocar una licencia por ella concedida, especialmente en un caso como el presente en que el demandado aún no había actuado bajo la licencia otorgádale y en que a éste se le dió oportunidad de ser oído antes de revocarse la licencia. Obra citada. Vol. 3, sección 1108, pág. 709.

Por la Ley número 158 de 9 de mayo de 1942 (pág. 849), se establece y organiza el Servicio Insular de Bomberos de Puerto Rico. A tenor con las facultades concedídasle por el artículo 4 de la misma, según fué enmendado por la Ley

número 38 de 4 de mayo de 1944 (pág. 77), el Jefe de Bomberos formuló reglas y reglamentos para la prevención de incendios. El título IV de esas reglas se refiere a garajes, talleres de reparaciones y estaciones para la venta de gasolina. Un reglamento como éste tiene fuerza de ley, siempre desde luego, que sus disposiciones estén en armonía con la ley que concede la facultad de aprobarlo.

Una ordenanza municipal no puede, por supuesto, estar en pugna con las leyes de nuestra Asamblea Legislativa. Sin embargo, cuando en el ejercicio de su poder de policía tanto el estado como un municipio tratan de reglamentar determinada materia, la ordenanza se considerará válida a menos que sea imposible armonizarla con la ley general. 43 C.J., secciones 219 y 220, págs. 215 y 218; 37 Am. Jur., secciones 165 y 166, págs. 787–791. McQuillin, Municipal Corporations, Vol. 2, Segunda Edición, Revisada, sección 889, pág. 1169. Cf. *García* v. *Municipio de Humacao,* 57 D.P.R. 532; *Pueblo* v. *Coto,* 24 D.P.R. 381; *Pueblo* v. *Nochera,* 23 D.P.R. 605; *Fieldcrest Dairies* v. *City of Chicago,* 122 F.2d 132, 138; *Klingensmith* v. *Siegal,* 224 N.W. 680, 683. En el presente caso, la ordenanza del Municipio de Mayagüez prohibe la instalación de nuevas bombas a menos de 300 metros de una escuela pública, hospital, clínica, etc. El reglamento del Servicio Insular de Bomberos dispone en su título IV, artículo 2, "que no se expedirán permisos para garajes, talleres de reparaciones o estaciones de servicio para ningún edificio, . . . . que esté situado dentro de 20 pies hasta la pared más cerca de un edificio usado como escuela, teatro u otro sitio público de diversiones o reunión." La ordenanza municipal es más estricta y exige más que el reglamento. Además, existen otras ligeras discrepancias entre los requisitos exigidos por la ordenanza y los fijados por el reglamento, pero un examen de ellos nos convence de que aunque la ordenanza, en algunos aspectos, va algo más lejos que el reglamento, ella es perfectamente armonizable con éste. Conforme se dice en 37 Am.

Jur., sección 165, pág. 790, "el hecho de que una ordenanza amplíe las disposiciones de un estatuto exigiendo más que el estatuto mismo no crea conflicto alguno con éste, a no ser que el estatuto en sí limite a los por él fijados, los requisitos para todos los casos." El reglamento que tenemos a la vista no contiene tal limitación exclusiva y por el contrario en los propios permisos otorgados al demandado por el Servicio Insular de Bomberos con fecha 31 de enero y 4 de marzo de 1947 se hace constar que ellos *"no excusan de la necesidad de obtener la autorización de los Departamentos del Interior. . . . . o de los municipios donde ésta sea necesaria."* (Bastardillas nuestras.) Tampoco se ha cometido el segundo error señalado.

No habiéndose aducido prueba testifical de clase alguna y siendo insuficientes las alegaciones y la prueba documental ofrecida para convencernos de que la ordenanza en cuestión es discriminatoria, el tercer error alegado tampoco se ha cometido.

*Debe confirmarse la resolución apelada.*