REGINO CABASSA, peticionario y apelante, *v.* LUIS RAMÓN RIVERA, demandado y apelado.

Núm. 10181.—*Sometido:* Noviembre 14, 1950.   *Resuelto:* Enero 31, 1951.

*Amador Ramírez Silva,* abogado del apelante; *José Sabater,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Después de haberse confirmado por este Tribunal la resolución dictada por la Corte de Distrito de Mayagüez declarando con lugar la solicitud de injunction preliminar *pendente lite* en este caso—*Cabassa* v. *Rivera,* 68 D.P.R. 706— se celebró la vista del mismo en sus méritos y entonces dicha corte dictó sentencia declarando sin lugar la solicitud de injunction permanente, con disolución del injunction preliminar dictado, con costas, sin incluir honorarios de abogado. No conforme el demandante apeló y en este recurso, como único error, alega que la corte sentenciadora erró al resolver que el apelante carece de causa de acción en contra del apelado.[1]

La forma en que está expuesto el error señalado y aun su discusión por el apelante dan la impresión de que

---

[1] Los hechos alegados por las partes fueron expuestos en nuestra opinión en *Cabassa* v. *Rivera,* 68 D.P.R. 706, y no consideramos necesario repetirlos aquí.

la corte a quo se limitó a resolver el caso a base de que la solicitud no aducía hechos constitutivos de una causa de acción. Esto no es así. Ante la corte inferior se celebró un juicio en el cual las partes presentaron prueba testifical y documental y en la sentencia la corte hizo constar que "como resultado de las admisiones de las partes, en las alegaciones y en el juicio, y de la prueba practicada por ambas, vista la ley y jurisprudencia aplicables al caso y por los fundamentos de su propia opinión dada y unida a los autos, estima y concluye que la Ley y los hechos están en contra del demandante Regino Cabassa y a favor del demandado Luis Ramón Rivera . . ." El hecho de que en el curso de su opinión y como resultado de su apreciación de la prueba y de la ley aplicable, hiciera constar que el demandante *carece de causa de acción para obtener la supresión de la bomba instalada por el demandado a través de este recurso de injunction* no debe ser separado del contexto del párrafo en que aparece y el cual dice así:

". . . Estamos resolviendo únicamente que dicha instalación del demandado no es un estorbo público *per se* ni un estorbo público *per accidens;* que de constituir un estorbo público la acción para su supresión corresponde al estado y no al individuo particular; que dicha instalación tampoco constituye un estorbo privado al demandante; que no viola tampoco ningún derecho del demandante; y que dicho demandante carece de causa de acción para obtener la supresión de dicha instalación a través de este recurso de injunction. Es a las autoridades municipales a quienes corresponde hacer valer la referida ordenanza infringida."

■■ Arguye el apelante, además, que después de confirmada por este Tribunal la resolución de la corte inferior concediendo el injunction preliminar, el caso quedó prácticamente resuelto y que dicha corte erró al no conceder el injunction perpetuo solicitado. No tiene razón. El hecho de conceder o de negar un injunction preliminar, no prejuzga necesariamente la concesión o negativa del injunction perpetuo —*El Municipio de Gurabo* v. *Juncos Central Co.,* 18 D.P.R.

408; *Morfi* v. *Fajardo Development Co.*, 17 D.P.R. 797—
ya que su propósito es preservar el *statu quo* hasta que el
caso pueda ser resuelto en sus méritos. Casos citados en la
nota 19, pág. 205 de 28 Am. Jur., sec. 12. En la apelación
anterior en este caso sólo estaban envueltas las cuestiones
de derecho planteadas por el demandado y a su discusión y
resolución se limitó dicho recurso.

De los autos del caso surge que el 25 de abril de
1949 o sea casi un año después de nuestra decisión en *Cabassa*
v. *Rivera*, supra, la Junta Administrativa del Municipio de
Mayagüez volvió a concederle al demandado un permiso para
la reinstalación de la bomba de gasolina objeto de este liti-
gio.[2]

Con este motivo el demandado solicitó el archivo y sobre-
seimiento del caso. En la vista la corte admitió prueba
sobre este particular reservándose resolver la cuestión cuando
resolviera el caso en sus méritos. Así lo hizo, diciendo que
si bien podía y debía tomar en consideración los hechos exis-
tentes a la fecha de la vista del recurso de injunction, aun
cuando fueron distintos a los que existían a la fecha de radi-
carse la demanda, ello no obstante convenía con el deman-
dante en que el referido permiso de 28 de abril de 1949
carecía de valor y eficacia legal, ya que el mismo autorizaba
la instalación de una bomba de gasolina en violación de la
sección undécima de la Ordenanza Municipal y que el deman-
dado había aceptado el hecho noveno de la demanda, donde
se alega que su bomba ha sido instalada dentro de las dis-
tancias prohibidas por dicha sección. No obstante haber
descartado el nuevo permiso concedido al demandado, la corte
inferior, después de considerar las alegaciones y la prueba,
denegó el injunction solicitado por el demandante por los
siguientes motivos: (1) porque la bomba de gasolina del
demandado no constituye un estorbo público (*nuisance*) *per*

---

[2] Al demandante también le concedió otro permiso para la instala-
ción de una bomba adicional en el mismo sitio en que tenía instalada
la otra.

*se* y tampoco uno de hecho o *per accidens;* (2) porque tampoco constituye un estorbo privado; y (3) porque aun cuando la bomba de gasolina haya sido instalada en violación de la ordenanza no convierte dicha instalación en un estorbo público que pueda ser suprimido mediante injunction, a petición del demandante, ya que la misma ordenanza establece las penalidades por su infracción.

De acuerdo con el artículo 329 del Código Penal y el 277 del Código de Enjuiciamiento Civil, ([3]) la corte inferior resolvió correctamente, a nuestro juicio, que fuera de los definidos en dichos artículos no existe en esta jurisdicción otra clase de estorbos, públicos o privados. *Pueblo* v. *Escambrón Beach Club,* 63 D.P.R. 761. Hemos resuelto que la instalación de una estación o bomba de gasolina no constituye un estorbo público *per se—Pueblo* v. *González,* 35 D.P.R. 675—y ésta es la regla general prevaleciente. Anotaciones en 35 A.L.R. 95; 51 A.L.R. 1224 y 124 A.L.R. 383. También se ha resuelto que dicha instalación puede convertirse en un estorbo de hecho o *per accidens* debido a su localización o a la forma en que es funcionada. *Weaver* v. *Bishop,* 52 P.2d 853 (Okla., 1935).

■■ Pero es que aun aceptando, sin resolverlo, que la bomba de gasolina del demandado constituyera un estorbo

---

([3]) El artículo 329 del Código Penal en lo pertinente dispone:

"Todo lo que fuere perjudicial a la salud, indecoroso u ofensivo a los sentidos, o que obstruyere el libre goce de alguna propiedad de modo que estorbare el bienestar de toda una sociedad o vecindario o un gran número de personas, o que ilegalmente obstruyere el libre tránsito, en la forma acostumbrada, por cualquier lago, río, bahía, corriente, canal, o cuenca navegable, o por cualquier parque, plaza, calle o carretera pública, constituye un estorbo público (*nuisance*) . . ."

Y el artículo 277 del Código de Enjuiciamiento Civil dispone lo siguiente:

"Todo lo que fuere perjudicial a la salud, indecente u ofensivo a los sentidos, o que interrumpa el libre uso de la propiedad, de modo que impida el cómodo goce de la vida o de los bienes, constituye una perturbación que da lugar a una acción. Dicha acción podrá ser promovida por cualquiera persona cuyos bienes hubieren sido perjudicados o cuyo bienestar personal resulte menoscabado por dicha perturbación; y la sentencia podrá ordenar que cese aquélla así como decretar el resarcimiento de los perjuicios."

público, no correspondería al demandante, una persona particular, obtener su eliminación mediante un injunction sino al Pueblo de Puerto Rico o al Municipio de Mayagüez—artículo 686 del Código de Enjuiciamiento Civil (artículo 12 de la Ley de Injunction) ; *Estela* v. *Mario Mercado e Hijos*, 44 D.P.R. 562; *Pueblo* v. *Escambrón Beach Club*, supra—a menos que se hubieran ocasionado perjuicios específicos al demandante, en cuya situación el caso podría caer dentro del alcance del artículo 277 del Código de Enjuiciamiento Civil, supra. La dificultad para el apelante estriba en que la corte a quo resolvió que él no había demostrado que la instalación de la bomba de gasolina del demandado le había ocasionado o puede ocasionarle tales daños. Tampoco erró al así resolverlo, ya que su prueba fué tan deficiente, insustancial y especulativa que no procedía, a base de ella, conceder el remedio solicitado. Anotaciones en 81 A.L.R. 292 y 92 A.L.R. 173. Lo único que consta en el récord sobre este particular es lo declarado por el apelante, a la pág. 58 de la transcripción de evidencia:

"La instalación de la bomba, si la pusiera a operar, ¿le causaría a usted perjuicio?

"Desde luego, porque está muy cerca del negocio.

"¿Qué perjuicio le causaría a usted?

"Podría establecerse una competencia. Puede afectarme en el sentido de que si no doy yo el servicio bueno . . .

"Eso sería una cuestión suya si usted no da el servicio bueno.

"Puede afectar mi negocio en general.

"¿Puede establecer una competencia?

"Sí, señor.

"¿Eso le causaría a usted daños?

"Seguro que sí."

■ Por otra parte la prueba demostró que, no obstante la Ordenanza Municipal, la Junta Administrativa del Municipio de Mayagüez ha concedido permisos a distintas personas y entidades para instalar o reinstalar bombas de gasolina en distintas calles de Mayagüez sin llenar los requisitos exigidos por dicha ordenanza. La violación repetida por el

municipio de su propia ordenanza podría o no ser defensa en una acción iniciada por el municipio para abatir el estorbo público de tener una bomba en violación de la ordenanza, pero no puede ser motivo para conceder al apelante un remedio en equidad que la ley no le concede.

*Debe confirmarse la sentencia.*