KELLY, Respondent, v. JAMES, Appellant.

(157 N. W. 990.)

(File No. 3872.    Opinion filed May 20, 1916.)

1.  **Municipal Corporations—Use of Street by Vehicles—"Liberty" of Moving Vehicles in Street.**

As applied to the case at bar, in which arises the question of relative rights of persons to move vehicles in the streets of a city, the word "liberty" means freedom from restraint under conditions essential to the equal enjoyment of the same right by others; since liberty does not mean license, but freedom regulated by law.

2.  **Muncipal Corporations—Use of City Streets—Keeping Vehicles to One Side of Street—City Ordinance, State Law as Affecting—Inconsistent Provisions.**

Under Laws 1913, Ch. 276, being the motor vehicle law, section 20, providing that, except as therein provided, local authorities shall have no power to pass or enforce any ordinance requiring from an automobile owner any fee, license or permit for use of public highways, or excluding any such owner from the free use of public highways, or in any way regulating motor vehicles or their speed, upon, or in the use of public highways, and that no ordinance or regulation contrary or in any wise inconsistent with the provisions of the act should have any effect, held, that the Legislature, in enacting said vehicle law,

did not intend to deprive municipalities of the power to enact ordinances in relation to the laws of the road, or to give any greater privileges to drivers of motor vehicles than were enjoyed by drivers of all vehicles; that said statute aimed to prevent municipalities from singling out motor vehicles and legislating against them in particular; and such statute did not annul a city ordinance requiring persons driving or operating a vehicle, whether motor or animal drawn, on any street in a city to keep to the right hand of such street and as close as possible to the curb; said ordinance not being contrary to or inconsistent with the provisions of said statute.

Appeal from Circuit Court, Aurora County. HON. FRANK B. SMITH, Judge.

Action by W. B. Kelly, against J. W. James, to recover damages resulting from injury to plaintiff's buggy from collision with defendant's automobile. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Judgment and order reversed, and cause remanded.

*Bakewell & Bakewell,* for Appellant.

*Spangler & Haney,* for Respondent.

(1) To point one of the opinion, Appellant cited: Pol. Code, Sec. 1766; City of Bellingham v. Cisna (Wash.) 87 Pac. 481.

(2) To point two of the opinion, Appellant cited: Pol. Code, Sec. 1766; Chicago v. Livery Co. (Ill.) 101 N. E. 588.

GATES, J. The sole question presented upon this appeal is whether section 20, c. 276, Laws 1913, had the effect of annulling a section of an ordinance of the city of Plankinton, which provided:

"Every person driving or operating any such vehicle [motor or animal drawn] on any street in this city shall keep to the right hand side of such street and as close as possible to the curb and shall stop the same only on the side of such street to the right hand of such driver."

On December 20, 1913, between 6 and 7 o'clock p. m., respondent was driving a horse and buggy west on Third street, but was on the south side of the center of the street. Appellant was driving an automobile north on an intersecting street and turned into Third street and collided with respondent a short distance

east of the intersection. The question involved is raised by assignments of error challenging instructions given and refused.

The gist of said section 20, c. 276, Laws 1913, as applied to this case is as follows (the paragraphing being ours):

"Except as herein provided, local authorities shall have no power to pass, enforce, or maintain any ordinance, rule, or regulation:

"(a) Requiring [from] any owner to whom this act is applicable any fee, license or permit for the use of the public highways, or

"(b) excluding any such owner from the free use of such public highways * * * or

"(c) in any other way regulating motor vehicles or their speed upon or use of the public highways;

"(d) and no ordinance, rule or regulation contrary or in any wise inconsistent with the provisions of this act, now in force or hereinafter [hereafter] enacted, shall have any effect."

The section then specifies certain exceptions which are unimportant in the determination of this case.

It is the theory of appellant that respondent was negligent in driving upon the wrong side of the street, and that he was prejudiced by having the city ordinance excluded from the consideration of the jury. It is the theory of respondent that the ordinance was made of no effect so far as motor vehicles are concerned by the express words of the statute; that to eliminate motor vehicles from the application of the ordinance would completely defeat its purpose because it would then be an unreasonable regulation if not class legislation. Hence the contention is that the whole of the ordinance quoted was annulled by the statute, and therefore that respondent was not negligent in driving west on the south side of Third street. If respondent's contention is sound, the motor vehicle law has shorn a vast amount of supposed power from municipal corporations granted by a number of the subdivisions of section 1229, Pol. Code. The question then is: Was the ordinance "contrary or in any wise inconsistent with the provisions of" the motor vehicle law? We think the question must be answered in the negative.

By comparing chapter 276, Laws 1913, with chapter 72, Laws of Iowa 1911 (Code Supp. Iowa 1913, § 1571m20), it will be observed that the two acts are practically identical. The Sup-

reme Court of Iowa in Pugh v. City of Des Moines (Iowa) 156
N. W. 892, has very recently construed section 21 of the Iowa
act (our section 20) and its relation to an ordinance of the city
of Des Moines which provided that no person should "leave stand-
ing" for more than 20 minutes any vehicle on certain designated
streets between certain hours of the day. There as here it was
contended that the ordinance violated the statute. In that de-
cision the court said:

"The plaintiff's contention, when reduced to its last analysis,
is that, under this act of the Legislature, all automobile owners
and drivers are given full license to stop their cars upon the pub-
lic streets when and where they please and for such a length of
time as suits their pleasure and convenience, and to leave them
standing there, though to the great prejudice and incon-
venience of the general public desiring to use the streets for
their primary purposes; and the city whose duty it is to keep
the streets open and free from nuisance, is rendered as helpless
as the shackled prisoner at the bar. The mere statement of the
proposition is its own answer. Conceding for the purpose of the argu-
ment that the Legislature has given to the automobile driver the
free use of the public streets, and that the city has no power to
exclude from the free use of the public streets, we must con-
strue this language to mean that free use which is involved in
the right to come and go and drive upon the streets without let
or hindrance. The idea of the free use of a street does not
involve the right to obstruct the free use of the street. If one
man, in the exercise of his right to the free use of the street,
can stable his automobile upon the public street and leave it
standing there, any number of persons can exercise the same
right, until a point is reached where the travel upon the street
is absolutely obstructed. Each, under plaintiff's contention, would
be exercising his right to the free use of the street."

]1[ If a city is powerless to regulate traffic by enacting
and enforcing a law of the road, then all vehicles may move in
any direction on either side of the street or they may zigzag.
The liberty of A. to do this is not greater than the liberty of B.,
C., or D. to do the same. In a busy street one or two persons in
the exercise of this "liberty" might absolutely suspend traffic
indefinitely. Such is not the definition of "liberty." As applied to

this case liberty is properly defined in the language of Mr. Justice Field as:

"Freedom from restraint under conditions essential to the equal enjoyment of the same right by others," Crowley v. Christenson, 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620, 25 Cyc. 590.

"Liberty does not mean license but freedom regulated by law." State v. Powell, 58 Ohio St. 324, 50 N. E. 900, 41 L. R. A. 854.

[2]    We are of the opinion that the Legislature, in enacting the motor vehicle law, did not intend to deprive municipalities of the power to enact ordinances in relation to the law of the road. We are of the opinion that the clauses "free use of such public highways" and "regulating motor vehicles or their * * * use of the public highways" contained in section 20, supra, were not intended to give any greater privileges to drivers of motor vehicles than were enjoyed by drivers of all vehicles. We are of the opinion that these clauses did aim to prevent municipalities from singling out motor vehicles and legislating against them in particular.

The ordinance then being valid appellant was entitled to have its relation to the cause of the accident considered by the jury, and its exclusion was clearly prejudicial error.

For this reason the judgment and order appealed from are reversed, and the cause is remanded for a new trial.