## DISTRICT OF COLUMBIA v. BAILEY.

(Court of Appeals of District of Columbia.
Submitted February 7, 1927. Decided
March 7, 1927.)

No. 4473.

I. **District of Columbia ⟐⟐22—Speed regulation of District of Columbia held not in conflict with District of Columbia Traffic Act (Traffic Regulations of District of Columbia, art. 4, § 5[k]; District of Columbia Traffic Act 1925, § 6, subds. [a], [b], and § 9, subds. [a], [b]).**

Traffic Regulations of District of Columbia, art. 4, § 5 (k), prohibiting greater speed than 15 miles an hour for passenger vehicles on certain bridges, adopted by director of traffic pursuant to District of Columbia Traffic Act 1925, § 6, subds. (a), (b), being 43 Stat. 1121, *held* not in conflict with section 9, subds. (a), (b), prohibiting a speed greater than 22 miles per hour, except in outlying districts or on arterial highways, or any speed greater than is reasonable or proper.

2. **District of Columbia ⟐⟐22—District of Columbia Traffic Act should be interpreted to give force to all provisions (District of Columbia Traffic Act 1925).**

The District of Columbia Traffic Act of 1925 (43 Stat. 1119) should be considered as a whole, and, if possible, given interpretation that will harmonize and accord full force and effect to all its provisions.

3. **District of Columbia ⟐⟐22—District of Columbia traffic regulation of speed on bridges held not unreasonable (Traffic Regulations of District of Columbia, art. 4, § 5[k]).**

Traffic Regulations of District of Columbia, art. 4, § 5 (k), prohibiting speed greater than 15 miles an hour on certain bridges for passenger vehicles, *held* not unreasonable.

In Error to the Police Court of the District of Columbia.

Claude Bailey was charged with violating a traffic regulation of the District of Columbia, and to review a decision of the police court, holding such regulation invalid, the District of Columbia brings error. Reversed and remanded.

F. H. Stephens, of Washington, D. C., for plaintiff in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is a writ of error to the police court of the District of Columbia to review a decision of that court holding invalid section 5 (k) of article IV of the Traffic Regulations of the District of Columbia, made by the director of traffic and adopted and promulgated by the commissioners of the District, prohibiting the operation of a passenger vehicle at a greater rate of speed than 15 miles an hour, or of commercial motor vehicles at a greater rate of speed than 12 miles an hour, on certain bridges of the District. Defendant in error was charged with having operated a passenger vehicle at a rate of speed greater than 15 miles an hour on Klingle bridge, one of the bridges specified in the regulations.

[1] The District of Columbia Traffic Act of March 3, 1925 (43 Stat. 1119), authorized the commissioners of the District to appoint "a director of traffic" (sections 6 [a] and 6 [b]), who was given authority "to make reasonable regulations with respect to brakes, horns, lights, mufflers, and other equipment, the speed and parking of vehicles, * * * and such other regulations with respect to the control of traffic in the District not in conflict with any law of the United States as are deemed advisable," such regulations to become effective "when adopted and promulgated by the commissioners in accordance with law." Section 9 (a) of this act provides that "no motor vehicle shall be operated upon any public highway in the District at a rate of speed greater than 22 miles per hour, except in such outlying districts, and on such arterial highways, as the director may designate." Section 9 (b) prohibits the operation of any motor vehicle over any public highway in the District recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width of the public highway, the use thereof, and the traffic thereon, or so as to endanger any property or individual, or so as unnecessarily or unreasonably to damage the public highway.

That the proper control of vehicular traffic in cities of the size of Washington presents a serious problem no one would deny. The tremendous toll of human life, resulting from complex traffic conditions, is evidence of the necessity for more adequate regulation and protection. Congress, in the enactment of the statute under review, clearly recognized this necessity, and therein evinced a purpose to clothe the director of traffic with authority reasonably consistent with the end to be accomplished.

[2] It is insisted, however, that, although the director was expressly authorized under section 6 (b), as we have seen, to make reasonable regulations with respect to the speed of vehicles, the provision in section 9 (a) prescribing a maximum rate of 22 miles an hour,

except in outlying districts or on arterial highways, is inconsistent with the express grant contained in section 6 (b). That Congress did not intend to authorize a speed of 22 miles an hour in all parts of the District conclusively appears from section 9 (b), which in effect prohibits reckless, unreasonable, or dangerous driving within the maximum speed limit. Except in outlying districts and on arterial highways, the director may not authorize a rate of speed greater than 22 miles an hour. He is authorized, however, to make reasonable regulations to prevent reckless, unreasonable, and dangerous driving within such maximum speed limit. Such a regulation is not in conflict with the statute, but, on the contrary, is in harmony with and in aid of its provisions. See Bellingham v. Cissna, 44 Wash. 397, 87 P. 481; Ham v. County of Los Angeles, 46 Cal. App. 148, 189 P. 462; Everart v. Fischer, 75 Or.

316, 145 P. 33, 147 P. 189; Kalich v. Knapp, 73 Or. 558, 142 P. 594, 145 P. 22, Ann. Cas. 1916E, 1051; Kelly v. James, 37 S. D. 272, 157 N. W. 990; Roper v. Greenspon, 272 Mo. 288, 198 S. W. 1107, L. R. A. 1918D, 126. Any other conclusion would do violence, not only to the obvious intent of the Traffic Act, but to the express provision in section 6 (b). The act should be considered as a whole, and, if possible, given an interpretation that will harmonize and accord full force and effect to all of its provisions.

[3] It cannot be maintained that the regulation in question is not reasonable. Fast driving on these bridges, not only would endanger human life, but tend to damage the bridges themselves. This seems so obvious as to require no further demonstration.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Reversed and remanded.