# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 12, 2011          Decided July 8, 2011

No. 09-5192

KEVIN M. JONES,
APPELLANT

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-00852)

*Micah W.J. Smith*, appointed by the court, argued the cause as amicus curiae in support of appellant. With him on the briefs was *Matthew M. Shors*.

*R. Craig Lawrence*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Frederick E. Haynes* and *Harry B. Roback*, Assistant U.S. Attorneys.

Before: SENTELLE, *Chief Judge*, GINSBURG and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*: When the Commissioner of the Social Security Administration (SSA) denied his application for disability benefits, Kevin Jones filed suit in the district court. Recognizing the deficiency in the administrative record, the SSA asked the court to remand the case so the agency could supplement the record, and the court obliged. Jones now argues pro se that the district court had no authority to permit additional evidence to be taken on remand. Although Jones has a point, we vacate the district court's judgment for a different reason, raised by the amicus curiae: The district court misapprehended the extent of its remedial power.

## I.    Background

Because we have no occasion to wade into the merits of Jones's claim to disability benefits, we can be brief in setting forth the facts relevant to this case: In 1995 Jones suffered an injury leaving him unable to continue working for the City of Baltimore as an electrician. After trying unsuccessfully to do other types of work, Jones filed a claim with the SSA for disability benefits. An Administrative Law Judge denied the claim; he found Jones had made a prima facie case of disability but could perform "other work" and therefore was not entitled to benefits. In reaching that conclusion, the ALJ relied exclusively upon a standardized set of guidelines developed by the SSA to determine the types of work an individual with a given set of infirmities generally can perform.

Regulations promulgated by the Commissioner of the SSA make clear, however, that exclusive reliance upon those guidelines is inappropriate where, as here, the claimant's impairment is due in part to pain. *See* 20 C.F.R. §

416.969a(c). The agency realized this problem only after the ALJ's decision had become final, the SSA had answered Jones's complaint in the district court, and Jones had filed a motion for summary judgment. Rather than respond to that motion, the SSA moved for entry of "a judgment that reverses the final decision of [the SSA] and that remands the cause ... for further administrative proceedings." The SSA proposed to do three things on remand: (1) "Hold a new hearing to obtain supplemental vocational expert evidence"; (2) Assess that expert testimony along with the relevant guidelines; and (3) "Issue a new decision."

Three days later, without waiting to hear from Jones, the district court entered an order reversing the final decision of the SSA and remanding the case to the agency "for further administrative proceedings"; doing so, the court volunteered, "would not prejudice" Jones. Jones filed a motion for reconsideration, which the district court denied on the ground Jones had "already obtained the maximum relief — reversal and remand — that the Court is authorized to award." Jones appealed pro se and this court appointed an amicus curiae to present arguments in support of his cause.

## II. Analysis

This appeal turns upon a vexing provision of the Social Security Act, 42 U.S.C. § 405(g), concerning judicial review of a final decision by the Commissioner. Sentences four and six of that section provide, in relevant part:

> [4] The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social

Security, with or without remanding the cause for a rehearing.

...

[6] The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ... .

In this case the Commissioner sought a remand expressly pursuant to sentence four, and the district court seems to have relied upon that sentence in remanding the case. Although the court cited § 405(g) only as a whole, there is no indication it held the Commissioner to the good cause requirement in sentence six; indeed, the court's only stated rationale for granting the motion was that doing so "would not prejudice" Jones. More important, the Commissioner made no attempt to and could not have satisfied the conditions in sentence six; his motion to remand came after he had filed an answer, and an ALJ's misunderstanding of clear agency regulations can hardly be thought to give the Commissioner good cause not to compile an appropriate record after the claimant has made his prima facie case. Clearly, if the district court had authority to remand the case, that authority had to be found in sentence four. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991)

("sentences four and six set forth the only kinds of remands that are permitted under § 405(g)").

The amicus argues sentence four does not authorize a district court to order a remand solely so the Commissioner may supplement the record. The premise of this argument is that the term "rehearing" in sentence four connotes a second trip through the same evidence. The meaning of "rehearing" is not so clearly limited, however; in fact, the leading legal dictionaries are in conflict on just this point. *Compare* BALLENTINE'S LAW DICTIONARY 1081 (3d ed. 1969) ("a new consideration of the case ... upon the pleadings and depositions already in the case"), *with* MERRIAM-WEBSTER'S DICTIONARY OF LAW (1996), *available at* http://dictionary.findlaw.com/definition/rehearing.html (rehearing "may encompass new matters (as evidence or issues)"), *and with* BLACK'S LAW DICTIONARY 1339 (9th ed. 2009) (silent as to the scope of the record on rehearing). The Congress's use of the word "rehearing" therefore does not, by itself, signify whether the SSA may take additional evidence on remand.

The amicus attempts to resolve this ambiguity by reference to other sections of the statute but his arguments on that score are no more conclusive. He first points to the phrase "evidentiary hearing" in § 405(b)(2), which concerns the SSA's "reconsideration" of certain disability determinations, and argues use of the adjective there "confirms Congress's awareness that a rehearing or reconsideration ordinarily is not [an] evidentiary proceeding." That "evidentiary" is used in § 405(b)(2) to modify "hearing" rather than "rehearing" undermines the relevance of this point. The amicus's next offering — that the phrase "upon the pleadings and transcript of the record" in sentence four describes not only the basis for the district court's judgment

but also the scope of the "rehearing" it may order — is, to put it mildly, not the only reasonable reading of sentence four.

Having peeled away the amicus's textual contentions, we reach the structural argument at the core of his case:

> If sentence four were construed as authorizing remands for the taking of additional evidence, then it would allow the Commissioner to obtain through sentence four what he could not obtain through sentence six. That, in turn, would undermine the effectiveness of the restrictions Congress placed on sentence six.

This reading would, in other words marshaled by the amicus, render the restrictions in sentence six superfluous, *see Corley v. United States*, 129 S. Ct. 1558, 1566–67 (2009), make the statute self-defeating, *see Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 20 (1995), fail to "harmonize" the two sentences, *District of Columbia v. Bailey*, 18 F.2d 367, 368 (D.C. Cir. 1927), and perversely give precedence to the general terms of sentence four over the specific terms of sentence six, *see HCSC-Laundry v. United States*, 450 U.S. 1, 6 (1981). The only way to avoid these pitfalls, he contends, is to hold "sentence four allows for remands so that the Commissioner can reconsider or clarify decisions based on the existing record, whereas sentence six allows for reopening and supplementation of the record."

The Commissioner, of course, urges a reading of sentence four that permits supplementing the record on remand;[*] he responds to the amicus's analysis by highlighting

---

[*] We are not persuaded by the Commissioner's argument for deference to his interpretation of the statute, pursuant to *Chevron*

the procedural distinction between sentences four and six. As this court has explained, "in a sentence-four remand, the district court disposes of the action by a final judgment and relinquishes jurisdiction, whereas in a sentence-six remand, the district court retains jurisdiction over the action pending further development by the agency." *Krishnan v. Barnhart*, 328 F.3d 685, 691 (D.C. Cir. 2003); *see also Melkonyan*, 501 U.S. at 101–02 ("remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six"). The significance of this observation for the task at hand is not obvious. Although the district court did reverse the Commissioner's decision and remand the matter "for further administrative proceedings," that does not allay our concern that the court sidestepped the limitations in sentence six.

To the contrary, the amicus has advanced a reading of the statute that avoids these structural problems: A remand for the taking of additional evidence must satisfy the requirements in sentence six. The restrictions in that sentence are there for a reason, namely "to limit the power of district courts to order remands for 'new evidence' in Social Security cases." *Melkonyan*, 501 U.S. at 100. The amicus's reading would not permit the court, by invoking sentence four, to evade these restrictions on its power.

---

*U.S.A. Inc. v. NRDC*, 467 U.S. 837 (1984). Deference is unwarranted because sentence four is not a provision administered by the Commissioner; rather, it addresses the power of the district court. *See Adams Fruit Co. v. Barrett*, 494 U.S. 638, 649-50 (1990) (delegation to Department of Labor to set substantive standards for implementing statute "does not empower the Secretary to regulate the scope of the judicial power vested by the statute").

Neither the Supreme Court nor this has decided whether the proceeding contemplated by a remand under sentence four may include the taking of additional evidence, that is, where the requirements of sentence six are not met.[*] We nonetheless note the weight of authority, albeit not controlling, lies against the amicus's reading of the statute. Three other circuits have come down in the Commissioner's favor, holding sentence four does permit a district court to remand a case to the Commissioner to take additional evidence. *See Butts v. Barnhart*, 388 F.3d 377, 385–86 (2d Cir. 2004); *Seavey v. Barnhart*, 276 F.3d 1, 12–13 (1st Cir. 2001); *Rosa v. Callahan*, 168 F.3d 72, 83 & n.8 (2d Cir. 1999); *Faucher v. HHS*, 17 F.3d 171, 174–75 (6th Cir. 1994). Those cases rest upon either the procedural distinction between sentences four and six, *see Seavey*, 276 F.3d at 12–13; *Faucher*, 17 F.3d at 174–75, or a quest for the additional accuracy to be gained by supplementing the record, *see Butts*, 388 F.3d at 385–86; *Rosa*, 168 F.2d at 83. We find neither rationale satisfactory, the former for the reason already stated and the latter because it ignores other considerations, such as finality and efficiency, the Congress might have valued in drafting the statute. Still, the holdings of our sister circuits do give us pause.

---

[*] The Commissioner points us to a series of decisions in which he claims we have remanded a case to him under sentence four with instructions to supplement the record. *See Simms v. Sullivan*, 877 F.2d 1047, 1053 (1989); *Poulin v. Bowen*, 817 F.2d 865, 876 (1987); *Narrol v. Heckler*, 727 F.2d 1303, 1307 (1984); *Diabo v. Sec'y of Health, Educ. & Welfare*, 627 F.2d 278, 281, 283 (1980). Because we did not in those cases resolve any issue concerning the power granted the district court by § 405(g), they neither help nor bind us in the present inquiry. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998) ("drive-by jurisdictional rulings ... have no precedential effect").

*Sullivan v. Finkelstein*, 496 U.S. 617, 619–24 (1990), is also cause for hesitation. In that case the Commissioner had denied a widow disability benefits, the district court had reversed that ruling and remanded the case for further findings of fact, and the Third Circuit had dismissed the Commissioner's appeal on the ground the remand order was not appealable. 496 U.S. at 621–22. The Supreme Court reversed, holding the remand order was appealable because the district court had entered a judgment, as contemplated by sentence four. *Id.* at 623–26. In so doing, the Court rejected the claimant's argument that the district court had necessarily ordered a remand under sentence six because it had stated in the order "the evidence on the record was insufficient to support the Secretary's conclusion and ... further factfinding regarding respondent's ailment was necessary." *Id.* at 626. Therefore, as the Commissioner argues here, the Court seems "tacitly [to have] recognized that a sentence four remand may involve the introduction of additional evidence on rehearing." To similar effect, in *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993), the Court expressly described as coming under sentence four a remand in an earlier case, *Sullivan v. Hudson*, 490 U.S. 877 (1989), that had called for reopening the record.

Happily, in the end we need not choose between these precedents and the amicus's reading of the statute, for wisely he has also proposed an alternative course of action: He argues the district court's judgment should be vacated because, in failing to recognize it could have remanded the case with an order to pay Jones benefits, rather than to rehear the matter, the court misapprehended the extent of its power. That is, the district court denied Jones's motion for reconsideration in the mistaken belief Jones had "already obtained the maximum relief — reversal and remand — that the Court is authorized to award."

Under our caselaw, when a claimant makes out his prima facie case and the agency fails to carry its burden of showing the claimant could perform "other work," the district court may remand the case to the Commissioner with instructions to award the claimant benefits. *See Meneses v. Sec'y of Health, Educ. & Welfare*, 442 F.2d 803, 809 (1971); *cf. Krishnan*, 328 F.3d at 696 (inappropriate for court to award benefits where claimant could not show prima facie case). Here, of course, it is undisputed Jones made out a prima facie case and that, on the extant administrative record, the Commissioner could not meet his burden of proof. The district court therefore could have, if warranted by the record, afforded Jones additional relief.

The Commissioner defends the district court's contrary conclusion on the ground that "the record in its current state does not show that Jones is clearly entitled to Social Security benefits." *See Faucher*, 17 F.3d at 176 (court cannot award disability benefits unless the record demonstrates claimant's "clear entitlement" to them). Although the Commissioner may be correct, the sufficiency of the record evidence is for the district court to determine in the first instance. In this case, however, the district court instead rested upon its antecedent but mistaken belief that, even if Jones was right on the merits, a remand for rehearing was the most the court could order. We therefore vacate the judgment and remand this matter for the district court to determine the appropriate remedy in the light of the full extent of its power under circuit law.

### III.  Conclusion

Because the district court misunderstood the full reach of its remedial authority, we vacate the judgment and remand this matter to the district court to consider the issue anew.

*So ordered.*