**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1455**

SHOMARI DALEY,

       Plaintiff - Appellant,

     v.

COMMISSIONER, SOCIAL SECURITY,

       Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
George Jarrod Hazel, District Judge. (8:17-cv-02318-GJH)

Submitted: October 18, 2018           Decided: November 16, 2018

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Shomari Salim Daley, Appellant Pro Se. Gabriel Robert Deadwyler, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shomari Daley, a Social Security claimant who is proceeding pro se, appeals from the district court's remand to the Social Security Commissioner, pursuant to 42 U.S.C. § 405(g), of his disability benefits claim (the "Remand Order"). Because the Remand Order fails to identify the specific provision of § 405(g) on which it relies — and we cannot otherwise identify that provision — we vacate and remand to the district court for further explanation.[1]

The Supreme Court has recognized that, "[i]n cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the [Commissioner] are set forth in sentence four and sentence six of § 405(g)." *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993).[2] Pursuant to sentence four, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *See* 42 U.S.C. § 405(g). Under sentence six of § 405(g), however, such a court may remand to the Commissioner in only

---

[1] Although Daley's informal brief does not complain of the district court's failure to identify the provision of 42 U.S.C. § 405(g) on which the court relied, we must consider that issue because it affects appellate jurisdiction. *See Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) ("[W]e have an independent obligation to verify the existence of appellate jurisdiction." (internal quotation marks omitted)).

[2] Subsection (g) of 42 U.S.C. § 405 authorizes judicial review of decisions of the Social Security Commissioner that deny benefits. That subsection is composed of nine unnumbered sentences. The only two unnumbered sentences of § 405(g) at issue in this case are referred to here as "sentence four" and "sentence six."

two circumstances, that is: (1) where the Commissioner requests a remand by the district court before answering the complaint and shows good cause in support of that request; or (2) "where new, material evidence is adduced that was for good cause not presented before the agency." *See Schaefer*, 509 U.S. at 297 n.2; *see also* 42 U.S.C. § 405(g).

There are significant and material differences between the two foregoing types of district court remands. For example, a sentence four remand constitutes a decision on the merits of the Commissioner's denial of benefits, but a sentence six remand does not assess the merits. *See Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991) (explaining that, in contrast to a sentence four remand, a court may remand under sentence six without "ruling as to the correctness of the [Commissioner's] decision"). In addition, a district court making a sentence four remand "terminate[s] the civil action challenging" the Commissioner's decision, *see Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990), but the court that remands under sentence six retains jurisdiction over the case, *see Jones v. Astrue*, 650 F.3d 772, 775 (D.C. Cir. 2011). Furthermore, a remand order entered pursuant to sentence four will constitute a final decision that is appealable under 28 U.S.C. § 1291. *See Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). On the other hand, a remand order entered pursuant to sentence six is generally not a final appealable decision. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 978-79 (7th Cir. 1999).

In this matter, although the Commissioner moved the district court to remand Daley's claim to her for further administrative proceedings, and made her motion before answering Daley's complaint, she specifically requested that the remand be made

pursuant to sentence four of § 405(g). About a week later, the court — without referencing either sentence four or sentence six — granted the Commissioner's remand motion and entered the Remand Order. That Order suggests that the Commissioner's decision rejecting Daley's disability claim is not supported by substantial evidence. It relies on our decision in *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013), where we requested the district court to remand to the Commissioner under sentence four because the merits decision rejecting the benefits claim was not supported by substantial evidence. In this case, the Remand Order announced that Daley's claim was being remanded for further administrative proceedings and that the district court proceedings were closed. And the Order failed to specify whether the court had retained jurisdiction or directed an entry of judgment.

Put succinctly, the mixed signals contained in the Remand Order prevent us from determining which sentence of § 405(g) underlies this remand. On the one hand, the Remand Order appears to rely on sentence four. That is, it grants the Commissioner's remand motion that was filed under sentence four; it concludes that the Commissioner's decision is not supported by substantial evidence; it fails to mention the good cause requirement necessary for a sentence six remand; and it closes Daley's case in the district court without specifying whether the court retained jurisdiction. On the other hand, the Remand Order is somewhat consistent with a sentence six remand in that it grants a remand motion filed by the Commissioner before she had answered Daley's complaint, and it closes his case without directing an entry of judgment. In those circumstances, we

are unable to confidently identify the sentence of § 405(g) on which the Remand Order was predicated.

Our uncertainty in this regard is not a procedural formality. The type of remand that was ordered implicates issues of jurisdiction and our power to consider Daley's appeal. We are thus constrained to vacate the Remand Order and return this matter to the district court. *See Melkonyan*, 501 U.S. at 102 (remanding for explanation of remand order); *DeGrazio v. Colvin*, 558 F. App'x 649, 652 (7th Cir. 2014) (No. 13-2815) (remanding for further proceedings because remand order "fail[ed] to satisfy the requirements of either sentence four or sentence six").

*VACATED AND REMANDED*